## Richmond

ARMISTEAD W. FAUNTLEROY, ET AL.

v.

FRANCIS T. WALKER

August 30, 1979.

Record No. 771735.

Present: All the Justices.

S. W. Tucker (Stephanie J. Valentine; Hill, Tucker & Marsh, on briefs), for appellants.

Matson C. Terry, II (C. Jackson Simmons; Dunton, Simmons & Dunton, on brief), for appellee.

PER CURIAM.

By motion for judgment filed in the court below, the plaintiffs, Armistead W. Fauntleroy and Frances E. Fauntleroy, sought damages of $35,000 from the defendant, Francis T. Walker, for the latter's failure to perform a written contract to construct a house for the plaintiffs. In a jury trial, at the conclusion of all the evidence, the court struck the evidence and entered summary judgment for the defendant because of the plaintiffs' failure to prove damages.

Stated in a light most favorable to the plaintiffs, the evidence shows that on September 29, 1972, the plaintiffs and the defendant entered into a written contract whereby the defendant agreed to build a house on land owned by the plaintiffs. The contract price was $17,000, and the agreement provided that work was to commence within 15 days after approval of the contract by Farmers Home Administration (FHA), which was financing the project.

FHA approved the plaintiffs' loan on January 8, 1973. Because, however, of difficulty in obtaining releases of certain judgments then outstanding against the plaintiffs, the loan was not closed until January 10, 1974. Despite this delay, the defendant affirmed the contract, accepted from the plaintiffs $35 to secure the necessary building permit, and told the plaintiffs he would commence construction of their home as soon as he had completed a house he was then building for a Mrs. McDonahue.

Several times during the year 1974, the defendant assured the plaintiffs that he would construct their house at the original contract price. As late as September or October, 1974, he told the plaintiffs that he would "have [them] in [their] house by Christmas."

When construction had not commenced by late 1974 or early 1975, the plaintiffs contacted the attorney who had closed their FHA loan. In turn, the attorney contacted the defendant, who demanded an additional $1,800 to build the house. When advised of the demand, the plaintiffs rejected it. The house was never constructed, and the present litigation was instituted in January, 1977.

In the court below, the case was tried upon the theory that the plaintiffs' damages were to be measured by the "cost rule," under which the plaintiffs were entitled, upon establishing the defendant's breach, to recover the difference between the contract price and the increased cost of building the house at the time of the breach.* The

---

* The plaintiffs also sought to recover certain items of expense apparently connected with the loan they secured from the Farmers Home Administration. Because the record is totally inadequate to explain these items or to justify their allowance, we express no opinion concerning them.

trial court, acting upon the assumption that the breach by the defendant occurred in late 1974 or early 1975, when the plaintiffs learned of the defendant's demand for extra compensation, held that estimates of the cost of construction in April, June, and August of 1975 were too remote from the date of the breach and thus too "speculative" for jury consideration. Accordingly, the court struck the evidence and entered summary judgment for the defendant.

We believe the trial court erred in its actions. We take this view not because we disagree with the court's finding that the April, June, and August, 1975 estimates of costs were remote and speculative, but because there was other evidence which would reasonably have supported an award of damages in favor of the plaintiffs. This other evidence consisted of the demand by the defendant that the plaintiffs pay him an additional $1,800 to commence construction of the house he had agreed to build for them. This evidence tended to prove both a breach of the contract by the defendant and the increased cost of constructing the house at the time of the breach. Thus, the evidence of the defendant's demand was neither remote nor speculative, and the jury should have been permitted to consider it for what it was worth.

For the error in striking the evidence and entering summary judgment for the defendant, the judgment of the trial court will be reversed, and the case will be remanded for a new trial.

*Reversed and remanded.*